IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RALPH MERRILL,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EFRAIM DIVEROLI, DAVID PACKOUZ, and DANIEL DOUDNIK,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:16CV13DAK<br><br>Judge Dale A. Kimball |

　　　　On February 16, 2016, Defendant David Packouz filed a Motion to Dismiss and on February 17, 2016, Defendant Daniel Doudnik filed a Motion to Dismiss.  Plaintiff's time for opposing these motions passed and Plaintiff did not filed any response.  On March 25, 2016, the court issued an Order to Show Cause requiring Plaintiff to explain his failure to respond and directing Plaintiff to respond to the motions within ten days if he intended to oppose the motions.

　　　　Plaintiff timely responded to the court's Order to Show Cause, stating that he was in settlement discussions with Defendants and was waiting to see if the case settled before filing a response.  Plaintiff, who is representing himself pro se, is bound by the same deadlines as party's represented by lawyers.  However, Plaintiff was apparently unaware of the need to request an extension of time from the court when a deadline cannot be followed.  The court routinely grants reasonable extensions for parties in settlement discussions.

　　　　In response to Defendants' motions to dismiss, Plaintiff states that he does not object to a re-assignment of the venue of the case to a Florida court.  Plaintiff objected only to a dismissal of

the case with prejudice.

On April 1, 2016, Defendant David Packouz replied, pointing out that Plaintiff had made no attempt to demonstrate how this court has personal jurisdiction over Packouz, who resides and works in Florida. Plaintiff's Complaint, however, alleges that Defendants solicited Plaintiff by telephone in the State of Utah to loan money to their company. The Complaint further alleges that, during the operation of the contract, Defendants contacted Plaintiff daily by email, telephone, and periodic mailings to apprise Plaintiff of contract progress. Plaintiff alleges that Defendants sent 150 emails to Plaintiff in Utah. After entering into the agreement, Plaintiff alleges that Defendants engaged in a fraudulent scheme that breached the contract and converted Plaintiffs funds. Plaintiff, therefore, alleges that Defendants caused a tortious injury in the State of Utah.

Plaintiff does not specifically state how many contacts each individual Defendant made toward the state of Utah. The facts alleged in the Complaint clearly show Defendant Diveroli making specific contacts to Plaintiff in Utah. However, the Complaint does not contain specific allegations as to Defendants Packouz and Doudnik's contacts with Utah.

Whether or not this court has jurisdiction over Defendant, the court can transfer the case under 28 U.S.C. § 1406(a) "to any district or division in which it could have been brought." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) (federal district courts may transfer, rather than dismiss, cases that plaintiffs initially brought in an improper forum, despite lack of personal jurisdiction).

In this case, absent dismissal for lack of personal jurisdiction, Defendants ask for the case to be transferred to the United States District Court for the Southern District of Florida. Plaintiff's response to the motions states that he does not object to the venue of the case being

transferred to Florida.  Therefore, in the interests of justice, the court transfers this action under 28 U.S.C. § 1406(a) to the United States District Court for the Southern District of Florida.

DATED this 4th day of April, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge